CHANCERY.

*Case* 136.

*September* 24.

## Clay *vs* Scott, &c.

### ERROR TO THE BOURBON CIRCUIT.

*Priority of liens of attaching creditors.   Sheriffs.   Service of process.*

CHIEF JUSTICE MARSHALL delivered the opinion of the Court.

Where several attachments of creditors against the same fund come in succession to the hands of the same officer or his deputies, it is the duty of the officer to execute them in the order in which they were delivered, tho' received by different deputies; and though the process be not in fact executed according to that order, the Chancellor having possession of the funds will distribute it according to the rule which should have governed the officer in its execution.

THE rule stated in the case of *Nutter* vs *Connell,* (3 *B. Monroe,* 203,) that between attaching creditors the first levy gives the prior lien, has not been adhered to in subsequent cases.   In *Kennon* vs *Ficklin*, (6 *B. Monroe,* 414,) the principle is asserted, and as we think, established upon sound and sufficient reasons, that when several attachments against the same fund, come in succession to the hands of the same officer or of his deputies, the law makes it the duty of the officer to execute them in the order in which they have been received ; and that although when the process comes to the hands of different deputies, this order of service may happen to be reversed without fault, the Chancellor having the fund in his hands under all of the attachments, will distribute it according to the rule which should have governed the execution of the process. It is true that there may be no actual lien in the particular case until the levy of the attachment or service of the subpœna in that case.   But every party resorting to this remedy has a right to rely on the impartiality and diligence of the officer, and upon his performance of his duty in serving the process in the order in which it comes to his hands.   Every party has a right to the observance of this rule, whether the office of Sheriff be carried on by one or by several agents.   And we are satisfied that the end of justice and the purity of its instruments and administration, are better secured by stopping the individual struggle for precedence when the claims of the contending parties are committed to the officers of the law, than if these officers were subjected to the various incentives which private interest might address, to induce a departure from duty.

Without entering into any further discussion of the subject, we feel bound, for the reasons given in the case of *Kennon* vs *Ficklin, &c.*, to adhere to the rule laid down in that case ; and as under that rule H. Clay, senior, whose process, (together with that in one other case,) came first to the hands of the Sheriff of Fayette county, (in which all the subpœnas were served on the guarnishee, Hughes,) was entitled to be preferred to all of those parties whose process, though coming afterwards to the Sheriff's hands, was served before or at the same time with his, it follows that in postponing his claim so as to deprive it in fact of any participation in the fund, the decree is erroneous to his prejudice. We perceive in the decree no other error but in the violation of the true order of precedence, and the writ of error being prosecuted by H. Clay, senior, alone, it is not deemed necessary, in reversing the decree, to disturb it further than is necessary to secure to said Clay the precedence to which he is entitled in the distribution of the fund. This may be done on the return of the cause by a direct order upon the party or parties who have actually received a portion of the fund, which they would not have received if the claim of Clay had been allowed the precedence to which according to the principles of this opinion it was entitled. But as Clay (with one other party,) was entitled to such precedence as would have certainly secured the whole of his claim, he should not now be subjected to the loss of any part of it. And, therefore, if under such an order as is above indicated, his claim should not be satisfied, he will be entitled to a like order or decree against the parties who were, by the decree, allowed the precedence and have received the money to which he was entitled, and these parties should have a decree over against others who have received what they are not entitled to. ·

Under this disposition of the case the cross errors of B. Scott are, as we understand, withdrawn. But they are, in effect, disposed of in saying that there is no other error in the decree except in the order of precedence in distributing the fund. With regard to the claim of E. Dudley, whose process came to the hands of the Sheriff

of Fayette at the same time with that of H. Clay, senr., we have had some difficulty in determining whether it should not receive the benefit of the reversal on Clay's writ of error.

But as, notwithstanding the consolidation of the various attachment suits, each claimant is in fact, a separate suitor, so far as regards the prosecution of his own claim, we are inclined to the opinion that Dudley, having neither prosecuted a writ of error nor complained in any manner, of the postponement of his claim, should be understood as being content to abide by the decree.

Wherefore, the decree is reversed in favor of H. Clay alone, and the cause is remanded for further decree and proceedings between him and the other parties, as above indicated.

*B. & A. Monroe, Smith and Robertson* for plaintiff; *Pindell* for defendants.